UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

|                                        |   |                                      |
|----------------------------------------|---|--------------------------------------|
|                                        | : | Civil No.                            |
|                                        | : | 21 MC 97 (AKH)                       |
|                                        | : |                                      |
| IN RE SEPTEMBER 11 LITIGATION          | : | This Memorandum relates to:          |
|                                        | : | 03 CV 6808 (AKH)                     |
|                                        | : | MARCUS FLAGG and                     |
|                                        | : | MICHAEL FLAGG v.                     |
|                                        | : | AMERICAN AIRLINES, INC., et al.      |

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER: (1) APPROVING THE SETTLEMENT; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE; (3) RULING THAT THE LIABILITY LIMITATION CONTAINED IN
SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND SYSTEM
STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNT; AND
<u>(4) DISMISSING THE COMPLAINT WITH PREJUDICE</u>**

Defendants American Airlines, Inc. ("American"), AMR Corporation ("AMR") and Argenbright Security, Inc. ("Argenbright") respectfully move for the entry of an Order: (1) approving the settlement reached between the parties in *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH), as fair, reasonable, and reached in good faith; (2) directing the entry of final judgment in this matter in accordance with the terms of the settlement, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the amount paid pursuant to the settlement counts towards the limitation of liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act; and (4) dismissing the Complaint in *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH), with prejudice as to all defendants.

**PRELIMINARY STATEMENT**

Defendants seek the entry of an Order to ensure the finality of their settlement and to reflect that the full amount paid pursuant to the settlement counts towards the limitation imposed by the Air Transportation Safety and System Stabilization Act (the "ATSSSA") on liability arising from the terrorist-related aircraft crashes of September 11, 2001. The settlement agreement provides that defendants shall have no obligation thereunder and that no payment will be made, unless and until a final, non-appealable determination is obtained ruling that the full amount to be paid under the settlement counts against the limitation on liability established by Section 408(a)(1) of the ATSSSA. A copy of the Confidential Stipulation of Settlement is attached to the Declaration of Desmond T. Barry, Jr., submitted herewith as "Exhibit A", with references to the settlement amount redacted. An unredacted version of the Confidential Stipulation of Settlement is being filed under seal with the Court.

If the amount of settlement – as opposed to payment pursuant to judgment resulting from jury verdict – did not come under the 408(a)(1) limitation, the Aviation Defendants would have no choice but to pursue continued, protracted litigation of this claim. No one's interests would be served by such a result: compensation to victims of the September 11 attacks would be delayed and the Court would be saddled with the burden of complex litigation in the personal injury and wrongful death cases when an agreed-upon resolution is otherwise available. To effectuate the language and purpose of the ATSSSA, as well as to avoid unnecessary and undesirable results, the Court should enter the attached proposed Order. In addition, because there is no just reason for delay, the Court should direct the immediate entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the terms of the settlement agreement.

## STATEMENT OF FACTS

I.   *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH).

Plaintiffs Marcus Flagg and Michael Flagg's decedent, Darlene Flagg, was a passenger onboard American Airlines Flight 77. Ms. Flagg was killed when terrorists seized control of the aircraft and intentionally crashed it into the Pentagon.

II.   **The Settlement Process.**

Pursuant to a settlement process that this Court helped establish, plaintiffs and defendants agreed upon a settlement in the above referenced case. The settlement provides for a payment to plaintiffs in full satisfaction of their claims. The settlement agreement also provides that defendants will have no obligations thereunder, and that no payment to plaintiffs will be made, until: (1) a final judgment has been entered in accordance with the settlement terms and the time to appeal has been exhausted; and (2) a final ruling has been made that payments pursuant to the settlement count towards the limitation on liability imposed by Section 408(a)(1) of the ATSSSA.

The settlement was the product of extensive negotiation between experienced counsel pursuant to a Court-established schedule. Over the course of meaningful negotiations, and taking into account such factors as the risks of litigation, the various factual and legal claims and defenses of the parties and the individual circumstances of the plaintiffs and the decedent, the parties reached the resolution embodied in the settlement agreement. American's and Argenbright's respective insurers agreed to jointly fund the *Flagg* settlement. The settlement applies to all defendants and provides for the dismissal of the complaint as to all defendants.

Throughout the negotiations, the parties recognized the significant interest of the defendants in ensuring that the full amount paid under any settlement would count towards the limitation on liability established by Section 408(a)(1) of the ATSSSA. Thus, the parties have

made it a condition precedent to any payment under the terms of the settlement that a final, non-appealable order issue confirming that the full amount of the settlement counts towards the limitation of liability under Section 408(a)(1) of the ATSSSA. Defendants simply would not be willing to enter into a settlement that might expose them to liability in excess of the Section 408(a)(1) limits. Defendants are prepared to make payment to plaintiffs of the settlement amount promptly upon the issuance of a final non-appealable ruling. Absent such a ruling, this case will not settle and plaintiffs will be forced to await the conclusion of the entire litigation before any liability can be established and any determination can be made of the amount of compensation, if any, that plaintiffs will receive.

## ARGUMENT

**I.     The Court Should Approve The Settlement And Enter Judgment.**

    **A.     Section 408 of the ATSSSA.**

In the immediate aftermath of the September 11, 2001 terrorist attacks, Congress enacted the ATSSSA. Recognizing the urgent need to provide for compensation to the victims of the attacks and to protect the aviation industry against devastating financial consequences, Congress created two alternatives for victims who suffered personal injury or death: they could elect to receive compensation from the government-funded Victims' Compensation Fund ("VCF") without the necessity of proving fault, or they could pursue a newly created, exclusive federal cause of action for damages.[1]

---

[1]  This litigation includes multiple cases alleging property damage and business interruptions resulting from the September 11 attacks. Those cases have been consolidated in a separate track of the litigation under the docket number 21 MC 101. As ATSSSA foresaw, the Aviation Defendants have also been subject to cross-claims alleging property damage by, among others, the Port Authority of New York and New Jersey and World Trade Center Properties LLC.

4

While permitting litigation for claims arising from the September 11 attacks, the ATSSSA provides that liability for all claims against specified defendants may not exceed the limits of each defendant's respective liability insurance coverage. Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, air manufacturer, airport sponsor or person.

107 Pub. L. 71, § 408(a)(1). This sweeping language includes liability pursuant to settlements like the one at issue here.

First, this is a claim "arising from the terrorist-related aircraft crashes of September 11, 2001." Ms. Flagg was killed when terrorists deliberately crashed Flight 77 into the Pentagon.

Second, the liability imposed by virtue of the settlement at issue is part of the "liability for all claims" that Congress has directed shall not exceed the limits of each defendant's liability insurance coverage. "Liability" is a "broad legal term of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent or likely." Black's Law Dictionary 631 (6th ed. 1991). Courts routinely count liability pursuant to settlement against the limits of defendants' liability policy. See, e.g., E.R. Squibb & Sons, Inc. v. Lloyd's & Co., 241 F.3d 154, 160 (2d Cir. 2001) (addressing allocation of pending, future and settled claims among limits of primary and excess policies).

Congress, in imposing the liability cap, must have been aware that most civil litigation is resolved by settlement, not trial, and could scarcely have contemplated that liability liquidated by

5

settlement would be excluded from the statutory limitation. To hold otherwise would hamstring the defendants entitled to Section 408's protection from settling claims and force them to continue litigation, in contravention of a well-established federal policy favoring the settlement of disputes. See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements."); In re: Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements"). Moreover, Congress plainly intended to protect the aviation industry against the risk of financial outlays not subject to insurance coverage. Finally, plaintiffs who are parties to settlements like this one will benefit from receiving their settlement payments now, rather than being forced to wait until the conclusion of lengthy, uncertain and complicated litigation.

### B. Certification Pursuant to Rule 54(b).

The settlement of the *Flagg* case definitively resolves this case, and the dismissal with prejudice of the complaint in this action is a classic final disposition. If this case had been litigated on an entirely stand-alone basis, there would arguably be no need for any Rule 54(b) certification. But the *Flagg* case has been consolidated with the other personal injury and wrongful death claims for pretrial purposes. For that reason, and to assure clarity that a final, appealable determination is being made, certification under Rule 54(b) of the Federal Rules of Civil Procedure is appropriate.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

6

> reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Here, there is no just reason for delay, and every reason to advance the finality of the resolution of a case arising from terrorist attacks that took place over six years ago. See Cromer Fin. Ltd. v. Berger, Nos. 00-2284 and 00-2498, 2002 U.S. Dist. LEXIS 20174, at *7 (S.D.N.Y. Oct. 23, 2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement.").

This settlement resolves all claims against the defendants by the plaintiffs arising out of the September 11 attacks and offers a chance to achieve closure. If plaintiffs were forced to await the outcome of a liability trial and the outcome of other claims – involving different parties and different issues – before this resolution becomes final, a protracted limbo will ensue. Under the terms of the settlement agreement, plaintiffs will not receive the promised payment unless and until a final judgment is entered and the appeals period is exhausted. See Laverty v. Savoy Indus., Inc., No. 89-3728, 1992 U.S. Dist. LEXIS 15056 (S.D.N.Y. Oct. 6, 1992) (holding that inability to execute on settlement was exactly the sort of "hardship and denial of justice through delay that Rule 54(b) was designed to eliminate."). As long as any degree of uncertainty persists about whether a settlement is subject to the limits of Section 408(a)(1) of the ATSSSA, defendants will be unable to finally settle and dispose of claims, and there will be no prospect of streamlining the litigation. Accordingly, the Court should direct entry of final judgment as to the claims resolved by the settlement.

## CONCLUSION

For the reasons or arguments set forth above, the Court should enter an Order: (1) approving the settlement; (2) ruling that all amounts paid pursuant to the settlement count against the liability limits set forth in Section 408 (a)(1) of the ATSSSA; (3) directing entry of a final judgment in accordance with the terms of the settlement agreement pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and (4) dismissing the Complaint in *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH), with prejudice as to all defendants.

Dated: New York, New York
      November 26, 2007

Respectfully submitted,

CONDON & FORSYTH LLP

By: _____
    Desmond T. Barry, Jr., Esq. (DB 8066)
7 Times Square
New York, New York 10036
(212) 894-6700

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta, Esq. (RP 1749)
Maura K. Monaghan, Esq. (MM 7682)
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

SIMPSON THACHER & BARTLETT LLP

By: _____
Charles E. Koob, Esq. (CK 1601)
Joseph F. Wayland, Esq. (JW 7549)
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :  Civil No.
                              :  21 MC 97 (AKH)
                              :
IN RE SEPTEMBER 11 LITIGATION :  **NOTICE OF MOTION**
                              :  This Motion relates to:
                              :  03 CV 6808 (AKH)
                              :  MARCUS FLAGG and
                              :  MICHAEL FLAGG v.
                              :  AMERICAN AIRLINES, INC., et al.
------------------------------X

PLEASE TAKE NOTICE that defendants American Airlines, Inc., AMR Corporation and Argenbright Security, Inc. will move this Court upon the accompanying declaration and memorandum of law, at a date and time to be set by the Court, at the United States Courthouse, 500 Pearl Street, New York, New York, for an Order: (1) approving the agreement entered into by plaintiffs Marcus Flagg and Michael Flagg and certain defendants, dated [DATE], settling the claims asserted in *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH); (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that the liability limitation contained in section 408(a)(1) of the Air Transportation Safety and System Stabilization act applies to the settlement amount; and (4) dismissing the Complaint in *Flagg v. American Airlines, Inc., et al.*, 03 Civ. 6808 (AKH), with prejudice to all defendants.

Dated: New York, New York
       November 26, 2007

1

Respectfully submitted,

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr., Esq. (DB 8066)
7 Times Square
New York, New York 10036
(212) 894-6770

-and-

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta, Esq. (RP 1749)
Maura K. Monaghan, Esq. (MM 7682)
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION



SIMPSON THACHER & BARTLETT LLP

By:_____
    Charles E. Koob, Esq. (CK 1601)
    Joseph F. Wayland, Esq. (JW 7549)
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.